IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:10-997-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Jose Luis Wilson, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Jose Luis Wilson's ("Wilson") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Wilson's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2011, Wilson pled guilty to assault of an inmate, with intent to cause serious bodily injury, in violation of 18 U.S.C. §§ 7(3) and 113(a). On September 27, 2011, the court sentenced Wilson to 37 months' imprisonment. Wilson filed a notice of appeal on October 12, 2011, challenging the reasonableness of his sentence. On April 24, 2012, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the court. United States v. Wilson, No. 11-4988, 2012 WL 1406258, at *2 (4th Cir. Apr. 24, 2012) (unpublished).

Wilson filed the instant § 2255 motion on November 16, 2012.[1] In his § 2255 motion, Wilson alleges ineffective assistance of his trial and appellate counsel "for failing to detect and object to the district court's constructive amendment of the indictment." (Wilson § 2255 Mot. 5, ECF No. 60.)

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

## II. Discussion of the Law

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Wilson must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Wilson alleges that he was indicted for a violation of 18 U.S.C. § 113(a)(5),[2] but was erroneously convicted of violating 18 U.S.C. § 113(a)(3).[3] The basis of Wilson's ineffective assistance of counsel claim is that neither his trial nor appellate counsel objected to his sentence of 37 months' imprisonment, although the maximum statutorily proscribed imprisonment term under 18 U.S.C. § 113(a)(5) is six months. (Wilson § 2255 Mot. 7, ECF No. 60.)

Wilson's allegations, however, are unsubstantiated by the indictment, and are contradicted by the record. Wilson's indictment charged that he assaulted another inmate with the intent to cause serious bodily injury, in violation of 18 U.S.C. §§ 7(3) and 113(a). The

---

[2] 18 U.S.C. § 113(a)(5) ("Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.").

[3] 18 U.S.C. § 113(a)(3) ("Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by a fine under this title or imprisonment for not more than ten years, or both.").

2

indictment does not specifically identify § 113(a)(5). (Indictment 1, ECF No. 2.) Further, Wilson was explicitly advised of the charges against him and the elements of the offense. (Plea Tr. 6-7, ECF No. 45.) At his sentencing hearing, the court stated in pertinent part as follows: "The elements are that you intentionally struck the victim, that you acted with the specific intent to do bodily harm, that you used a dangerous weapon[,] and the assault occurred in the jurisdiction of the United States." (Id. at 7.) When asked by the court if he understood those elements, Wilson answered, "Yes, Your Honor." (Id.) Wilson was additionally informed that the statutory violation he was charged with "provides for a maximum sentence of not more than 10 years, a maximum fine of $250,000, supervised release of three years[,] and a special assessment of $100." (Id.) Wilson, again, answered in the affirmative when asked whether he understood the potential penalties. (Id.) After Wilson was informed of the elements and potential penalties of his charges, the Government recited its summary of the facts as follows:

> On July 29th of 2009, Mr. Wilson was an inmate at Edgefield Federal Correctional Institution. That is on land acquired for the use of the United States and under – and within the territorial jurisdiction of the United States. On that morning, he placed two combination locks inside of a sock. He used that as a weapon and hit his cell mate, Keith Brockington, in his eye. That caused very serious injuries to the right eye of Mr. Brockington. It required reconstructive surgery and it resulted in Mr. Brockington having a loss of vision in that eye.

(Plea Tr. 14, ECF No. 45.) When asked by the court if he agreed with the summary, Wilson answered, "Yes." (Id.) Wilson admitted his guilt multiple times. (Id. at 7, 9, 14.) "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated –

3

permit[ting] quick disposition of baseless collateral attacks[.]" United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Thus, Wilson knowingly pled guilty to a violation of § 113(a)(3) and was appropriately sentenced to 37 months' imprisonment under § 113(a)(3). Based on the foregoing, there was no basis for his trial or appellate counsel to object, and Wilson's § 2255 motion is summarily dismissed.

It is therefore

**ORDERED** that Wilson's § 2255 motion, docket number 60, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Wilson has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 7, 2013

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.